UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DAVID MELTON,<br><br>Plaintiff,<br><br>v.<br><br>MILITARY, GOVERNMENT, ADMINISTRATION, et al.,<br><br>Defendants. | Case No. 23-cv-04398-AMO (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.   INTRODUCTION

Plaintiff Kenneth David Melton, who is currently in custody at the Monroe Correctional Complex in Monroe, Washington, initially filed a letter with the Court, which was docketed as a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Thereafter, he completed a civil rights complaint form.  Dkt. 8.  Melton seeks leave to proceed *in forma pauperis*, which is granted in a separate Order.  Melton has also filed various motions, which the Court resolves below.  *See* Dkts. 11, 12, 13.

For the reasons explained below, the complaint is **DISMISSED** for failure to state a claim on which relief can be granted.

## II.   DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1915(e)(2) provides that the court "shall" dismiss any case brought *in forma pauperis* if it determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915(e)(2) is not limited to prisoners or to suits against governmental defendants. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Moreover, under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

**B.     Analysis**

Here, Melton has submitted a fourteen-page, hand-written complaint form, which is difficult to decipher.  Melton's complaint seeks to "dismiss all [his] infringement cases containing Lexis Nexis Software, [and] also dismiss software taxes due to software app action removal start[ing] March 2023 to Oct. 2023."  Dkt. 8 at 7.  In support of his request, Melton alleges nonsensical and seemingly delusional statements, such as the following first paragraph under "Statement of Claim":

> Around about … March 17, 2023 – October 2, 2023, I state that the Military Government administration et al. . . . Federal corporations was conducting an experiment that was unstable, unreliable, and may request a restart dev tools.  Due to windows network diagnostic, the DNS server may be experimenting problems.  I state due to my data researching, and selecting view table of contents also making selected items clear all selections, would make the unstable, unreliable, experiment operation, misrepresented my data sections, making the work space fower [*sic*] exclude patterns/node modules . . . Bower components . . .think that I was trying to delete administration government information.   So that would show up on the administration system as an abstract infringements that's worth 15 million in damages,  Electronic, human experiments, behavior, punishment, was opposed . . . that due to these apposed [*sic*] charges my life is in danger.

*Id.*  Melton lists the following as named Defendants: "Military, Government, Administration, et al." and "Federal Contractors."  *Id.* at 2.  Melton has listed other similar unintelligible allegations in his complaint, relating to: "the chief judge [who] did not even conduct a full investigation . . . knowing that his system is an unstable and unreliable operation experiment system"; "when Securus Technology updated there [*sic*] licensing terms and agreements on August 23, 2023, [he] could not find [his] court docket case on public record any more"; and "[b]ack in July, 2023 or August 2023, [he] mad[e] the choice to have all [his] administration case regulation software selection removed."  *Id.* at 2-5.

Based on the allegations above, the Court finds that Melton's complaint fails to state a claim upon which relief can be granted.  As a threshold matter, nowhere does Melton plead that this Court has subject matter jurisdiction over his claims.  *See* 28 U.S.C. §§ 1331, 1332; *see generally* Dkt. 8.  The complaint also does not state what law entitles Melton to relief or a cognizable legal theory under which he may recover.  *See Zixiang Li*, 710 F.3d at 999.  And the

3

complaint does not set forth factual matter that, when accepted as true, state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 664. Therefore, Melton's complaint is **DISMISSED** for failing to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). However, the Court will not dismiss a case unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the dismissal is with leave to amend, and Melton may file an amended complaint curing the defects identified by the Court.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Melton's complaint is **DISMISSED** with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which explains how this Court has subject matter jurisdiction over his claims. He shall state clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

   a. Set forth **each claim** in a separate numbered paragraph;

   b. Identify **each defendant** and the **specific action or actions each defendant took, or failed to take**, that allegedly caused the deprivation of the plaintiff's constitutional rights; and

   c. Identify the injury resulting **from each claim**.

2. The plaintiff shall have **twenty-eight (28) days** from the date of this Order to file an Amended Complaint that complies with the Court's above orders.

He must indicate the case number for this action—Case No. 23-cv-04398-AMO (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces all previously-filed complaints, the plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If the plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative

1   explanation of each grievance filed.  **The plaintiff's failure to file his Amended Complaint by**
2   **the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above**
3   **will result in the dismissal of this action without prejudice.**

4   3. It is the plaintiff's responsibility to prosecute this case.  The plaintiff must keep the
5   Court informed of any change of address and must comply with the Court's orders in a timely
6   fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address
7   changes while an action is pending must promptly file a notice of change of address specifying the
8   new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when:
9   (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable,
10  and (2) the Court fails to receive within sixty days of this return a written communication from the
11  *pro se* party indicating a current address.  *See* L.R. 3-11(b).

12  4. In Melton's motion entitled "Motion to Reconsider Timeliness Due to State Caused
13  Delay," he requests for an extension of time to submit his *in forma pauperis* application, *see* Dkt.
14  11 at 1, which was received on October 10, 2023—four days past the deadline, *see* Dkt. 9.  The
15  Court **GRANTS** his request (Dkt. 11), and resolves his motion for leave to proceed *in forma*
16  *pauperis* (Dkt. 9) in a separate Order.

17  5. The Court finds Melton's motion entitled, "Motion of Docket/No Contact Order,"
18  unintelligible.  *See* Dkt. 12.  It is handwritten and difficult to decipher.  Thus, the Court **DENIES**
19  the motion with leave to refile if Melton can, in good faith, renew his requests in a clearer fashion.

20  6. Melton's motion entitled, "Motion for a Protective Order," while also quite difficult
21  to decipher, is construed as a motion for a preliminary injunction.  Dkt. 13.  Federal Rule of Civil
22  Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary
23  restraining order ("TRO").  Prior to granting a preliminary injunction, notice to the adverse party
24  is required.  *See* Fed. R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary injunction cannot be
25  decided until the parties to the action are served.  *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir.
26  1983).  A TRO may be granted without written or oral notice to the adverse party or that party's
27  attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified
28  complaint that immediate and irreparable injury, loss or damage will result to the applicant before

the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Because the parties to this action have not yet been served, and Melton has failed to satisfy either of the criteria under Rule 65(b) for granting a TRO without notice to the adverse parties, *id.*, the motion is **DENIED** (Dkt. 13).

      7.    The Clerk of the Court shall send the plaintiff a blank civil rights complaint form along with his copy of this Order.

      8.    This Order terminates Docket Nos. 11, 12, and 13.

**IT IS SO ORDERED.**

**Dated:** April 19, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**